MILTON H. AND E. ANN JUISTER, JR., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Juister v. Commissioner
Docket No. 24772-86.
United States Tax Court
T.C. Memo 1987-292; 1987 Tax Ct. Memo LEXIS 292; 53 T.C.M. (CCH) 1079; T.C.M. (RIA) 87292; June 11, 1987. Milton H. Juister, Jr., pro se. Karen J. Goheen, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1982 in the *294 amount of $2,641.00. The sole issue for our determination is whether petitioners realized taxable income in 1982 when they satisfied their mortgage for an amount less than the principal balance due. Petitioners resided in Berrien Springs, Michigan when they filed their petition with the Court. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference. Petitioners timely filed their joint Federal income tax return for 1982 with the Cincinnati Internal Revenue Service Center. On July 21, 1982, petitioners received an unsolicited letter from their mortgagee, Standard Federal Savings and Loan Association (Standard Federal), in which Standard Federal offered to reduce the amount due on petitioners' nine percent mortgage if the mortgage was paid in full. The letter from Standard Federal explained the financial arrangements and included the following sentence: "Since the loan discount may be taxable, you may wish to discuss this program with your tax advisor." Petitioners paid $29,399.29 to Standard Federal and received a discharge of their mortgage which had a remaining principal balance of $35,398.47. Petitioners *295 did not report any amount on their 1982 joint Federal income tax return as discharge of indebtedness income. In a notice of deficiency dated April 3, 1986, respondent determined that petitioners had failed to report $5,999.00 in discharge of indebtedness income on their 1982 joint Federal income tax return when they paid their Standard Federal mortgage in full at less than the principal amount then owing on the mortgage. [2] Petitioners contend that according to their interpretation of information contained in the instructions sent by respondent for the preparation of their 1982 income tax return, they did not receive any income in 1982 when they paid their Standard Federal mortgage in full at less than the principal amount then owed. Gross income includes income from the discharge of indebtedness. Sec. 61(a)(12). A taxpayer may realize discharge of indebtedness *296 income by paying an obligation at less than its face value. United States v. Kirby Lumber Co.,284 U.S. 1, 3 (1931). See also Reliable Incubator and Brooder Co. v. Commissioner,6 T.C. 919, 926-927 (1946); sec. 1.61-12(a), Income Tax Regs. The underlying rationale of this principle is that a reduction in debt without a corresponding reduction in assets causes an economic gain and income because assets are no longer encumbered. There are, however, a number of statutory and judicial exceptions that cushion the impact of the general rule of discharge of indebtedness income. An important exception to the Kirby Lumber rule arises in the gift context. Section 102 excludes from the definition of gross income any amount received as a gift or bequest. Accordingly, if the forgiveness of a debt constitutes a gift from the creditor to the debtor, the debtor realizes no income. In Helvering v. American Dental Co.,318 U.S. 322 (1943), the Supreme Court applied the gift exception in the case of a corporate debtor whose *297 accrued obligations for back rent and interest had been cancelled by its creditors. The Court explained that since the "forgiveness was gratuitous, a release of something to the debtor for nothing, [such action was] sufficient to make the cancellation here gifts within the statute." 318 U.S. at 331. In Commissioner v. Jacobson,336 U.S. 28 (1949), the Supreme Court expressly abandoned the view that a release of "something for nothing" necessarily implied a gift, and instead adopted a "motive" test under which the presence or absence of donative intent on the part of the creditor becomes dispositive. There can be no question here that this discharge of petitioners' indebtedness was not a gift. Savings and loan associations are in the business of lending money, and there is no evidence that by discounting this obligation Standard Federal intended a gift as that term is used in section 102. Standard Federal did not act with a detached and disinterested generosity arising from affection, respect, admiration, charity or like impulses. Rather Standard Federal's actions were taken for economic reasons. Standard Federal was able to rid itself of a low *298 nine percent mortgage. Upon the payment by petitioners of the $29,399.29, Standard Federal had this amount to lend to others at a much higher interest rate thereby enhancing its profits. In sum, the judicial exceptions to discharge of indebtedness income do not apply to petitioners. Further, the statutory relief provisions from discharge of indebtedness income contained in section 108 do not apply to petitioners. Section 108(a)(1) only excludes from a taxpayer's gross income any amount realized from discharge of indebtedness if (A) the discharge occurs in a Title 11 case, (B) the discharge occurs when the taxpayer is insolvent, or (C) the indebtedness is qualified business indebtedness. Clearly the first two exceptions do not apply here. Furthermore, a "qualified business indebtedness" is limited to indebtedness incurred by an individual "in connection with property used in his trade or business." Sec. 108(d)(4)(ii). The discharge here involved an indebtedness on petitioners' home that was not used in connection with a trade or business. The reduction by Standard Federal of the principle amount of petitioners' mortgage also cannot be treated as a purchase price adjustment under *299 section 108(e)(5) because petitioners were indebted to Standard Federal and not the seller of the property. Since the transaction in issue falls outside these statutory parameters, section 108 affords petitioners no relief from the realization of discharge of indebtedness income in 1982. We recognize that the general rule of discharge of indebtedness income announced by the Supreme Court in Kirby Lumber and reiterated by Congress in section 61(a)(12) possibly may lead to harsh results such as requiring the realization and recognition of income without the generation of cash proceeds from which to pay tax. Congress, however, did not create an exception to alleviate this possible hardship, and we must apply the law as it is written. Accordingly, petitioners fall within the general rule requiring recognition of discharge of indebtedness income. We might add that petitioners were informed by Standard Federal in its June 16, 1982 letter that the transaction may have tax consequences; therefore, they might wish to discuss the arrangement with a tax advisor. From the record, it is clear that petitioners did not heed this advice because they consulted with no one. *300 Moreover, petitioners may not rely on information, or the lack of information, provided in respondent's publications to prevent respondent from subsequently asserting a correct interpretation of the law. See Zimmerman v. Commissioner,71 T.C. 367, 371 (1978), affd. 614 F.2d 1294 (2d Cir. 1979), and Green v. Commissioner,59 T.C. 456, 458 (1972). We might add that petitioners' reading of the instructions accompanying their 1982 income tax return was incorrect. In their petition, petitioners' requested an increased sales tax deduction due to the corresponding increase in income resulting from respondent's determination in the notice of deficiency. On the record at trial, respondent agreed to this adjustment for the increased sales tax deduction. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect in the year in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
2. The record does not explain the $0.18 discrepancy between the amount petitioners' loan was discounted by Standard Federal and the amount of discharge of indebtedness income respondent included in his notice of deficiency.↩