EDWARD J. P. AND STARR Q. ZIMMERMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4610–76.    Filed December 11, 1978.

Edward J. P. Zimmerman and Starr Q. Zimmerman, pro se.
*Frank W. Louis,* for the respondent.

TANNENWALD, *Judge:* Respondent determined a deficiency of $216.48 in petitioners' Federal income tax for the taxable year 1973. The sole issue before the Court is whether petitioners are entitled to a deduction for $564 expended by petitioner Starr Q.

---

Zimmerman for local transportation between her residence and school, where it has been conceded that her tuition and other educational expenses are deductible.

## FINDINGS OF FACT

This case was submitted to the Court upon a full stipulation of the facts which, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioners are husband and wife who resided at Briarcliff Manor, N. Y., at the time of filing the petition herein and during the taxable year in question. Petitioners filed a joint individual income tax return for the taxable year 1973 with the Internal Revenue Service Center, Holtsville, N. Y.

Petitioner Starr Q. Zimmerman (hereinafter Starr) is a teacher by profession. During 1973, Starr did not perform any services for which she was compensated. During that year, she took courses at Hunter College in New York City. She used local transportation between her home in Briarcliff Manor and New York City, a distance of approximately 30 miles, in order to attend classes, study, and carry on research there. During 1973, Starr spent $564 for such transportation.

On their return for the taxable year 1973, petitioners deducted $1,178 for Starr's educational expenses, including the $564 attributable to the costs of travel. Respondent allowed the deduction for such expenses to the extent that they covered tuition, fees, and books, but disallowed the $564 travel costs on the grounds that such costs were personal expenses.

## OPINION

The issue herein can be simply stated: to what extent is Starr, who attended school but was not otherwise engaged in any business activity, entitled to deduct the cost of travel between her residence and school? Respondent has conceded that her educational expenses, other than these travel costs, meet the required tests of deductibility under section 162(a)[1] and section 1.162–5(a), Income Tax Regs., but contends that the travel costs were commuting expenses and, therefore, nondeductible under section 262.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, unless otherwise indicated.

At the outset, we think it important to note what is not involved in this case:

(a) There is no contention herein that Starr was "temporarily" in business at Hunter College so as to qualify her travel expenses within the principles embodied in such cases as *McCallister v. Commissioner*, 70 T.C. 505 (1978), and *Norwood v. Commissioner*, 66 T.C. 467 (1976). But compare *Turner v. Commissioner*, 56 T.C. 27 (1971), vacated and remanded on respondent's motion by unpublished order (2d Cir., March 21, 1972).

(b) This is not a situation where the taxpayer is both employed and going to school and the question is the deductibility of travel expenses between the place of employment and school, as was involved in *Boerner v. Commissioner*, T.C. Memo. 1971–54, relied upon by petitioners.[2] See *Heuer v. Commissioner*, 32 T.C. 947, 952–953 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). See also Rev. Rul. 55–109, 1955–1 C.B. 261, 262–264.

(c) No issue is presented with respect to expenses incurred while "away from home" overnight by an unemployed taxpayer attending school, such as was involved in *Hitt v. Commissioner*, T.C. Memo. 1978–66.

(d) In view of respondent's concession as to the deductibility of Starr's other expenditures for tuition, fees, and books, we have no issue as to whether Starr was engaged in a trade or business during her period of unemployment. See *Hitt v. Commissioner, supra,* and *Picknally v. Commissioner*, T.C. Memo. 1977–321, and cases cited therein.[3]

In the context of the foregoing limitation, the issue for decision herein (see p. 368 *supra*) is a narrow one and appears to be one of first impression in the sense that there is no prior

---

[2]Although the findings of fact and opinion are not crystal clear, it would appear that *Carlucci v. Commissioner*, 37 T.C. 695 (1962), falls within this category. In *Boerner v. Commissioner*, T.C. Memo. 1971–54, the taxpayer's residence was situated directly between his place of business and the school at which he attended classes. He drove from his residence to school, returned home for lunch, drove to work, and then returned home. The taxpayer sought to deduct the cost of round trip travel between the school and place of work. Respondent did not contest the deduction of the cost of travel between the taxpayer's home and school as such, but argued that the deduction should be limited to the transportation costs in excess of what it otherwise would have cost the taxpayer to commute between home and his place of work. In finding for respondent, the Court did not decide whether the amount expended for travel between home and school was in fact deductible. We held only that, in the posture in which the case was presented, the allowable amount was that conceded by respondent. See also *Burton v. Commissioner*, T.C. Memo. 1971–55.

[3]In *Picknally v. Commissioner*, T.C. Memo. 1977–321, respondent had allowed certain transportation expenses and their deductibility was, therefore, not in issue.

decided case squarely in point. We are satisfied, however, that the existing decisional law provides ample authority to sustain respondent's position.

Unlike her other educational expenses, Starr's transportation expenses were not essential to improvement or maintenance of her skills in the teaching profession. Sec. 1.162–5(a), Income Tax Regs. They were not necessary expenditures incurred in pursuit of business, since the requisite direct connection to the carrying on of Starr's trade or business is lacking. *Commissioner v. Flowers*, 326 U.S. 465, 470 (1946). Instead, they were incurred to serve Starr's personal convenience by allowing her to reside at some distance from her school. "The exigencies of business, rather than the personal conveniences and necessities of the traveller, must be the motivating factors" in order for transportation expenses to be deductible under section 162(a). *Commissioner v. Flowers, supra* at 474.

Given respondent's concession as to her other educational expenses, we treat Starr as having remained in the trade or business of teaching while she attended Hunter College. Since that is where she carried on her professional activity, it was her principal place of business in 1973. Expenses regularly incurred in traveling to a place of business and returning to the place of residence are commuting expenses, regardless of the nature of the business activity, the distance traveled, or the mode of transportation utilized. *United States v. Tauferner*, 407 F.2d 243 (10th Cir. 1969), cert. denied 396 U.S. 824 (1969); *Sanders v. Commissioner*, 439 F.2d 296 (9th Cir. 1971). Such expenses are considered personal and nondeductible under section 262(a).

Petitioners' argument that since Starr was unemployed, her residence should be considered her tax home and, therefore, her principal place of business, is without merit. There is no evidence that Starr had any business related activity in, or in the vicinity of, her residence during the taxable year. Moreover, the record is devoid of any evidence as to whether Starr's activities as a school teacher had been carried on in New York City, Briarcliff Manor, or elsewhere. Thus, petitioners cannot derive sustenance from *Six v. United States*, 450 F.2d 66 (2d Cir. 1971), and the concept of "tax home" espoused therein by the Second Circuit Court of Appeals, to which an appeal in this case would lie. See also *Hitt v. Commissioner, supra*. Moreover, even if such evidence were available, we seriously doubt that *Six* would have

any applicability herein since the doctrine of that case was enunciated in the context of the issue of deductibility of expenses incurred "away from home" and there is no evidence that Starr's trips to Hunter College entailed staying away from home overnight. See *United States v. Correll*, 389 U.S. 299 (1967). See also *Picknally v. Commissioner, supra.* Nor can petitioners derive any sustenance from the fact that respondent allowed them to deduct expenses for tuition, fees, and books. Such a concession does not operate to sweep in all related expenses—the nondeductible personal expenses must still be isolated.[4]

Petitioners have, on brief, engaged in an extensive semantical exercise based upon their analysis of certain statements contained in respondent's publication "Your Federal Income Tax." We find this analysis not only unpersuasive but beside the point, since the authoritative sources of Federal tax law are in the statutes, regulations, and judicial decisions and not in such informal publications. *Adler v. Commissioner*, 330 F.2d 91, 93 (9th Cir. 1964); *Green v. Commissioner*, 59 T.C. 456, 458 (1972); *Aldridge v. Commissioner*, 51 T.C. 475, 482 (1968).

In short, Starr's transportation expenses were simply commuting expenses. Petitioners are, therefore, not entitled to a deduction under section 162(a). *Fausner v. Commissioner*, 413 U.S. 838 (1973); *Commissioner v. Flowers, supra; Sullivan v. Commissioner*, 1 B.T.A. 93 (1924); sec. 262(a).

*Decision will be entered for the respondent.*

---

[4]Cf. *Green v. Commissioner*, 59 T.C. 456, 458 (1972) (respondent was not inconsistent in allowing a deduction for rental value of den which taxpayer used for a workplace, but disallowing deduction for costs of transportation from his office to his den); *Carlucci v. Commissioner, n. 2 supra* (taxpayer's educational expenses, including tuition, books, and transportation to and from school after work were deductible, but costs of meals while attending school were nondeductible, personal expenses).