JAMES GINKEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ginkel v. Commissioner
Docket No. 3692-78.
United States Tax Court
T.C. Memo 1980-424; 1980 Tax Ct. Memo LEXIS 152; 41 T.C.M. (CCH) 40; T.C.M. (RIA) 80424; September 25, 1980, Filed James Ginkel, pro se. Christy M. Pendley, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in income taxes due from petitioner for the taxable year 1975 in the amount of $916. Due to concessions by both parties, the issues remaining for our decision are: 1. Whether travel expenditures to and from a library *153 located 160 miles from petitioner's home are deductible as an ordinary and necessary business expense; 2. What amount, if any, is petitioner allowed to deduct as depreciation for books; and 3. Whether petitioner is entitled to an investment credit for the purchase of books and an automobile. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed in this case, petitioner James Ginkel resided in Iowa Falls, Iowa. He filed a Federal income tax return for 1975 with the Internal Revenue Service Center in Kansas City, Missouri. In January of 1978 he filed an amended 1975 income tax return at the same center. During 1975, petitioner was employed as a college teacher at Ellsworth Community College, teaching primarily English courses. Petitioner is a dedicated instructor, devoted to learning and to inspring in his students an interest in reading. Petitioner maintains an extensive library in his home where he does research and prepares for classroom instruction.During 1973, petitioner purchased $2,344 worth of books. During 1974, petitioner *154 purchased $3,014 worth of books. During 1975, petitioner purchased $1,811 worth of books. During the winter and spring of 1975, petitioner traveled 3,840 miles to the library at Mankato State College to do research. Mankato State College was also near his parents' home. Petitioner chose that particular library even though it was 160 miles from his home, because he was familiar with it, and for personal reasons. The University of Northern Iowa, Iowa State University, and Iowa University have more extensive libraries and are much closer to petitioner's residence than Mankato State College. In April of 1975, petitioner purchased a new automobile for $4,000. He disposed of the vehicle in November of 1978. During 1975, petitioner drove a total of 15,970 miles in his new automobile. OPINION Issue 1: Travel Expenses
In 1975, petitioner traveled a total of 15,970 miles in a new car purchased in April of that year. [1] Respondent concedes that petitioner traveled 6,598 miles for business purposes to attend both summer sessions and the fall quarter at Mankato State College. In view of his lack of records showing specific automobile expenditures for 1975, petitioner at *155 trial agreed to accept the standard mileage rate applicable to 1975; respondent also agreed to this disposition. [2]
Additionally, petitioner traveled 3,840 miles to the library at his alma mater to do research. His choice of that particular library was for convenience--he was familiar with the layout, and it was near his parents' home. There were other libraries, closer to petitioner's home, that were more extensive in their collection of books and periodicals pertaining to subject matter useful for petitioner's job. Expenditures *156 for travel primarily motivated by personal convenience rather than business necessity are not deductible under section 162. [3]Zimmerman v. Commissioner, 71 T.C. 367 (1978); section 1.162-2(a), Income Tax Regs.Therefore, petitioner is not allowed a deduction for the 3,840 miles he traveled to use the library at Mankato State College. Issue 2: Depreciation Expenses
Petitioner depreciated books he purchased based on a 10-year useful life. Respondent concedes that petitioner purchased $7,169 worth of books for his library during 1973, 1974, and 1975. The issue is what percentage of the books purchased qualify under section 167 [4] for a depreciation deduction as property used in petitioner's trade or business. At trial, petitioner testified to the kinds of books he purchased *157 and how he used them. Based on his testimony, which we consider generally truthful and honest, we find that half of the books purchased qualify as property used in petitioner's trade or business. Therefore, he is entitled to a depreciation deduction of $350 under section 167 for the tax year 1975 for books purchased during 1973, 1974, and 1975. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Issue 3: Investment Credit
It is conceded that petitioner purchased $1,811 worth of books in 1975. We find that half of them qualify as depreciable property because they were used in petitioner's trade or business. Therefore petitioner is entitled to an investment credit for 1975 under section 38 [5] on $905 worth of books (with a useful life of 10 years) purchased by him during that year. *158 Petitioner also purchased a new car in April of 1975 for $4,000. He disposed of the car in November of 1978. During 1975, petitioner drove the car a total of 15,970 miles. Respondent concedes that a specified portion of the total mileage constituted use in petitioner's trade or business. We have found that the 3,840 miles driven to and from the Mankato State College library does not constitute business usage, because that travel was primarily personal. Therefore, petitioner is entitled to an investment credit (assuming a 3-year useful life) on a proportion of the purchase corresponding to the proportion of total miles that respondent concedes petitioner drove for business purposes.[6] To reflect the foregoing. Decision will be entered under Rule 155. Footnotes
1. Petitioner apparently traveled some additional miles in a car disposed of in April. This may explain the discrepancy between the total mileage shown to his original return and the 15,970 shown on his amended return. However, there is nothing in the record to suggest any of this additional mileage was business mileage--quite the contrary. This additional mileage is therefore disregarded for purposes of this opinion. ↩
2. Respondent allowed 3,670 of the 6,598 miles in the deficiency notice (attributable to both summer sessions at Mankato State). At trial respondent conceded the remainder (attributable to the fall quarter at Mankato State).↩
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue. Sec. 162(a) provides: Sec. 162. TRADE OF BUSINESS EXPENSES. (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.↩
4. Sec. 167 provides in pertinent part: SEC. 167. DEPRECIATION. (a) GENERAL RULE.--There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -- (1) of property used in the trade or business * * *↩
5. Sec. 38 provides in pertinent part: SEC. 38.INVESTMENT IN CERTAIN DEPRECIABLE PROPERTY. (a) GENERAL RULE.--There shall be allowed, as a credit against the tax imposed by this chapter, the amount determined under subpart B of this part.↩
6. Petitioner drove the new car 15,970 miles in 1975, 6,598 of which were for business. Therefore he is entitled to an investment credit of 10 percent of the "qualified investment"--in this case 1,652 (41.3 percent of $4,000) multiplied by 33 1/3 percent (to reflect the three-year useful life), or $550.67--which yields a total credit of $55.07.↩