JEROLD NORMAN FENTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fenton v. Commissioner
Docket No. 11561-81.
United States Tax Court
T.C. Memo 1983-410; 1983 Tax Ct. Memo LEXIS 375; 46 T.C.M. (CCH) 762; T.C.M. (RIA) 83410; July 18, 1983. *375 In 1975, petitioner purchased a new principal residence and properly took a $1,248 credit pursuant to sec. 44, I.R.C. 1954, on his return for that year. In 1976, petitioner sold his residence and acquired a new residence the use of which did not originate with him. Held, petitioner must recapture the previously taken credit on his 1978 return. Sec. 44(d)(1). Jerold Norman Fenton, pro se. John F. Dean, for the respondent. STERRETT
MEMORANDUM FINDINGS *377 OF FACT AND OPINION STERRETT, Judge: By statutory notice dated February 27, 1981, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1978 in the amount of $1,248. The sole issue to be decided is whether the new principal residence credit taken by petitioner on his 1975 return should be recaptured in the year 1978. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Jerold Norman Fenton resided in Sykesville, Maryland at the time of filing the petition herein. He filed his 1978 Federal income tax return with the Internal Revenue Service Center, Andover, Maine. On June 20, 1975, petitioner purchased a new residence in GaithersburgMaryland at a cost of $24,950. On his Federal income tax return for that year, petitioner, pursuant to section 44, I.R.C. 1954, claimed a credit in the amount of $1,248 for the purchase of a principal residence. In the year 1976, petitioner was transferred by his employer to a jobsite in Bath, Maine. Due to such transfer, petitioner sold at a loss his residence in Maryland *378 on September 13, 1976. On November 3, 1976, petitioner bought a previously occupied residence in Bath, Maine which remained his principal residence through September 1980. In his notice of deficiency respondent determined that petitioner must recapture in 1978 the new principal residence credit taken on his 1975 return. OPINION Section 44(a) allows, in the case of an individual, a tax credit equal to 5 percent of the purchase price of a new principal residence that is purchased or constructed by the taxpayer during the taxable year. Section 44(c)(1) defines the term "new principal residence" as a principal residence "the original use of which commences with the taxpayer." On his 1975 return, petitioner properly took a tax credit of $1,248 pursuant to the provisions of section 44. In 1976, petitioner sold the principal residence with respect to which he took the section 44 credit and shortly thereafter purchased a home in Bath, Maine. The Maine residence had been previously occupied at the time petitioner purchased it.Section 44(d)(1) requires a taxpayer to recapture any tax credit taken with respect to the purchase of a new principal residence if such residence is disposed *379 of within 36 months after the date on which it was acquired. The taxpayer need not recapture the previously taken tax credit if the residence is disposed of as a result of the death of the owner, casualty loss, involuntary conversion, or a disposition pursuant to a settlement in a divorce or legal separation proceeding where the other spouse retains the residence as principal residence. See section 44(d)(3). Additionally, no recapture is required where a second new principal residence is purchased or constructed within 18 months of the disposition of the original residence. See sec. 44(d)(2) and sec. 1034(a). [1] In order to avoid the recapture provision of section 44(d)(1) by way of the section 44(d)(2) exception, it is necessary for the taxpayer to purchase or construct a new principal residence as defined in section 44(c)(1). In the instant case, the residence that petitioner purchased in Maine in 1976 was not a "new principal residence" as that term is defined in section *380 44(c)(1). Therefore, petitioner does not qualify for the recapture exception of section 44(d)(2). [2]
At trial, petitioner contended that he was misled by respondent's instructions accompanying the Form 5405 for claiming the credit. Petitioner claims that the instructions did not make it clear that the use of the second residence had to originate with the taxpayer in order to avoid recapture. He argues that he is entitled to rely upon his interpretation of the instructions accompanying this form and therefore should not be required to recapture the credit. We believe that petitioner's reporting stance was one that was taken in complete good faith. However, we need not address the question of whether petitioner's reading of the instructions and of other related matter was reasonable, for the law if clear that erroneous legal advice rendered by an IRS agent or in an informal IRS publication is not binding on respondent and certainly *381 not on this Court. Dixon v. United States,381 U.S. 68, 72-73 (1965); Automobile Club of Michigan v. Commissioner,353 U.S. 180, 183 (1957); Smith v. Commissioner, 80 T.C.     (1983); Zimmerman v. Commissioner,71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979). Therefore, because we find that petitioner did not repurchase a "new principal residence" within 18 months after the disposition of his previous residence, we hold that he must recapture the section 44 credit taken with respect to that prior residence. Accordingly, Decision will be entered for the respondent.
Footnotes
1. Respondent determined that 1978 was the proper year for recapture since it cannot be determined whether the sec. 44(d)(2)↩ exception applies until 18 months after the disposition of the first residence.
2. Neither does petitioner qualify for the exceptions contained in sec. 44(d)(3). Moving from one residence to another as a result of a job transfer does not constitute an involuntary conversion for purposes of sec. 44(d)(3)(B)↩. See sec. 1033(a).