SPENCER A. SMITH AND GENEVA W. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 7289-82.
United States Tax Court
T.C. Memo 1984-268; 1984 Tax Ct. Memo LEXIS 405; 48 T.C.M. (CCH) 135; T.C.M. (RIA) 84268; May 21, 1984. Spencer A. Smith and Geneva W. Smith, pro sese. Bonnie L. Cameron, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for taxable years 1978 and 1979 in the amounts of $1,255 and $2,907, respectively. The only issue for decision is whether petitioners are entitled to deductions in taxable years 1978 and 1979 under section 172 [1] for net operating loss carryovers from 1977. All of the facts have been stipulated and this case was submitted to this Court without trial pursuant to Rule 122. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Petitioners filed joint Federal income tax returns for taxable years 1974 through *408 1979, inclusive, and amended joint Federal income tax returns for taxable years 1974 and 1975 with the Internal Revenue Service in Atlanta, Georgia. Petitioners were legal residents of Ringgold, Georgia, when they filed their petition. At all relevant times, petitioner Spencer A. Smith was employed as a clerical worker while his wife, petitioner Geneva W. Smith, was a full-time accounting student. On December 7, 1977, petitioners' home was destroyed by fire and declared a total loss by their insurer's adjuster. After concessions by the parties, they have stipulated that petitioners sustained a total net casualty loss (after insurance reimbursement) in the amount of $35,881.41 as a result of the fire. Subtraction of the $100 limitation provided for in section 165(h) produces a deductible loss in the amount of $35,781.41. Petitioners made several errors when computing their net operating loss for taxable year 1977 (which resulted from the large casualty loss produced by the fire). They failed to make the modifications required by sections 172(d)(3) and (4) which disallow personal exemption and dependency deductions and limit non-trade or business deductions to the amount *409 of non-trade or business income, respectively, when computing the amount of a non-corporate taxpayer's net operating loss. They also failed to subtract their zero bracket amount of $3,200 from their itemized deductions on schedule A of their 1977 Federal income tax return. In recomputing their taxable income for taxable years 1974 and 1975, petitioners made several errors with respect to their net operating loss carryback computations. They failed to make the modifications required by section 172(b)(2)(A) which disallows personal exemption and dependency deductions in a non-corporate taxpayer's net operating loss carryback years. They also deducted all of their itemized deductions and a $3,200 zero bracket amount in computing the amount of taxable income against which their 1977 net operating loss was offset. On their joint Federal income tax returns for taxable years 1978 and 1979, petitioners deducted $7,408 and $15,281, respectively, as carryforwards of the balance of their net operating loss. The Commissioner determined that petitioners were not entitled to deduct the amounts of $7,408 and 15,281 on their joint Federal income tax returns for taxable years 1978 and 1979, *410 respectively, as carryforwards of their 1977 net operating loss because the entire amount of said net operating loss was exhausted in computing petitioners' pre-1978 taxable income. The Commissioner's disallowance of these deductions resulted in deficiencies in petitioners' Federal income tax in the amounts of $1,255 and $2,907 in taxable years 1978 and 1979, respectively. Petitioners contend in their amended petition [2] and briefs that the Commissioner erred in his disallowance of their carryforward net operating loss deductions in taxable years 1978 and 1979 as follows: (1) their net loss resulting from the fire should be treated as a casualty loss and not as a trade or business deduction for net operating loss computations; (2) they should be allowed all of their personal exemption, dependency and itemized deductions in computing their taxable income in the year of their casualty loss, i.e., taxable year 1977, and loss carryback years, i.e., taxable years 1974 and 1975; and (3) they should be allowed to deduct all of their itemized deductions and a $3,200 zero bracket amount in computing their taxable income which their 1977 net operating loss is offset against. Respondent *411 asserts that the Commissioner's determinations are correct and were made in accordance with the Internal Revenue Code of 1954, as amended and in effect for the relevant years. In redetermining deficiencies in income in petitioners' taxable years 1978 and 1978, we have jurisdiction to consider the facts in relation to petitioners' other relevant taxable years. Sec. 6214(b). Petitioners' first allegation of error is the Commissioner's treatment of their casualty loss as a trade or business deduction for net operating loss computations. Petitioners claim that their casualty loss was personal and should be treated as such for tax purposes. Respondent contends that the Commissioner's treatment of petitioners' casualty loss as a trade or business deduction is appropriate under the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and we agree. Section 1.172-3(a)(3)(iii), Income Tax Regs., governs net operating losses for non-corporate taxpayers and provides that: (iii) Casualty losses. Any deduction allowable under section 165(c)(3) for losses of property not connected *412 with a trade or business shall not be considered, for purposes of section 172(d)(4), to be a nonbusiness deduction but shall be treated as a deduction attributable to the taxpayer's trade or business. Therefore, the Commissioner's treatment of petitioners' casualty loss as a trade or business deduction for net operating loss computations is correct. Petitioners' second allegation of error is the Commissioner's disallowance of personal exemption and dependency deductions for taxable years 1974, 1975 and 1977 and his limitation of non-trade or business deductions to non-trade or business income in computing the amount of their 1977 net operating loss. Petitioners contend that they should be allowed these personal exemption and dependency deductions and all of their non-trade or business deductions for such years. Respondent asserts that the Commissioner's disallowance of these deductions for such years is appropriate under the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and we agree. In Martin v. Commissioner,56 T.C. 1294, 1297 (1971), we reviewed the identical statutory provisions governing the computation of net operating *413 losses and attendant carrybacks and carryforwards and held that: section 172 lays down specific rules for computing the net operating loss deduction. Subsection (c) defines a net operating loss to mean "the excess of the deductions allowed * * * over the gross income," but the subsection further specifies that "Such excess shall be computed with the modifications specified in subsection (d)." Several modifications are required by subsection (d), including one (sec. 172(d)(3)) designed to assure that "No deduction shall be allowed under section 151 (relating to personal exemptions)," and another (sec. 172(d)(4)) to assure that, in that case of a taxpayer other than a corporation, the deductions allowable "which are not attributable to a taxpayer's trade or business shall be allowed only to the extent of the amount of the gross income not derived from such trade or business." Quite clearly, these provisions require the elimination of personal exemption and nonbusiness deductions as factors in the computation of the net operating loss. [Emphasis added.] Therefore, the Commissioner's disallowance of petitioners' personal exemption and dependency deductions and his limitation *414 of non-trade or business deductions to non-trade or business income for net operating loss computations in the relevant years is correct. Petitioners' final allegation of error is the Commissioner's zero bracket amount adjustments to their 1974, 1975 and 1977 Federal income tax returns when determining the amount of taxable income that their 1977 net operating loss is offset against. Petitioners contend that they should be permitted to deduct all of their itemized deductions and a $3,200 zero bracket amount when computing their taxable income for these years. The respondent asserts that the Commissioner's determinations of their taxable income for such years are correct and appropriate under the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and we agree. Section 63, which defines taxable income, provides in relevant part that: (b) INDIVIDUALS.--For purposes of this subtitle, in the case of an individual, the term "taxable income" means adjusted gross income-- (1) reduced by the sum of-- (A) the excess itemized deductions, and (B) the deductions for personal exemptions provided by section 151, and (2) increased (in the case of *415 an individual for whom an unused zero bracket amount computation is provided by subsection (e)) by the unused zero bracket amount (if any). (c) EXCESS ITEMIZED DEDUCTIONS.--For purposes of this subtitle, the term "excess itemized deductions" means the excess (if any) of-- (1) the itemized deductions, over (2) the zero bracket amount. (d) ZERO BRACKET AMOUNT.--For purposes of this subtitle, the term "zero bracket amount" means-- (1) $3,200 in the case of-- (A) a joint return under section 6013, or * * * Therefore, it is clear that in computing petitioners' taxable income for the relevant years, their adjusted gross income is reduced by their excess itemized deductions (itemized deductions minus $3,200) instead of the sum of itemized deductions and $3,200 when computing their taxable income. Petitioners' references to examples in Internal Revenue Service publications and provisions involving taxpayers who have total itemized deductions less than the zero bracket amount are inapposite because petitioners had itemized deductions greater than the zero bracket amount in each of the relevant years. Although it is unfortunate that generalized examples contained in Internal *416 Revenue Service publications may confuse the statutorily required modifications in determining petitioners' taxable income for the relevant years, the statutes, regulations and judicial decisions and not the Internal Revenue Service publications ultimately control the computation of the amount of taxable income for the relevant years. Zimmerman v. Commissioner,71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979). Therefore, the Commissioner's disallowance of the additional zero bracket amount deductions claimed by petitioners in computing the amount of taxable income which their 1977 net operating loss is offset against is sustained. Finally, we must reject petitioners' claims in their briefs that they sustained a total net casualty loss in an amount greater than the amount they stipulated to. Rule 91(e) provides that: (e) BINDING EFFECT: A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. The Court will not permit a party to a stipulation to qualify, change, or contradict *417 a stipulation in whole or in part, except that it may do so where justice requires. * * * Many of petitioners' additional loss claims involve items whose value is not readily measurable, such as stress. Further, no proof of these additional claims was submitted; hence, the stipulated amount of their casualty loss is controlling. In conclusion, we have reviewed respondent's mathematical calculations and their method of computation for the relevant years and generally agree with the Commissioner's determinations that petitioners' 1977 net operating loss was exhausted in computing petitioners' pre-1978 taxable income. Accordingly, the Commissioner's determinations are sustained. Due to concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 and attendant regulations, as amended and in effect for the relevant years, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. Their original petition did not comply with this Court's rules.↩