RICHARD A. AND BARBARA F. GNYP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gnyp v. Commissioner
Docket No. 39928-86.
United States Tax Court
T.C. Memo 1988-488; 1988 Tax Ct. Memo LEXIS 515; 56 T.C.M. (CCH) 451; T.C.M. (RIA) 88488; October 6, 1988
Richard A. Gnyp, pro se. Andrew J. Mandell, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 3,034.00 in petitioner's Federal income tax for the taxable year ended December 31, 1981 and an addition to tax of $ 22.00 under section 6651(a)(1). [1] The sole issue is the availability to petitioners of a net operating loss *516 carryover from the taxable year ended December 31, 1974. This case was submitted fully stipulated. The facts as set forth in the stipulation of facts and the exhibits attached thereto are found accordingly. Petitioners resided in Kew Gardens, New York, at the time they filed their petition herein. Petitioners' joint return for 1981 was forwarded to them by their accountant under cover of a letter dated October 23, 1983. That letter stated that a net operating loss "for years beginning before January 1, 1967 can only be carried forward for seven years" and immediately thereafter stated without explanation: "Therefore that may negate or nullify your loss deduction for 1980 and 1981. * * * [T]his is an issue of which you should be aware." Internal Revenue Service Publication No. 334 (Rev. Nov. 1981) contained the following statement: "in the case of an NOL [net operating loss] arising in tax years ending before 1976 the carryover period is 7 years." *517 On their 1981 return petitioner deducted a net operating loss carryover of $ 15,266 from 1974. [2]
Section 172(b)(1)(B), as applicable to the instant case, provided in pertinent part as follows: a net operating loss for any taxable year ending after December 31, 1955, shall be a net operating loss carryover to each of the 5 taxable years following the taxable year of such loss. * * * a net operating loss for any taxable year ending after December 31, 1975, shall be a net operating loss carryover to each of the 7 taxable years following the taxable year of such loss. [3]
Petitioners make several arguments in an attempt to sustain their 1981 deduction of the 1974 net operating loss. Their arguments are premised on their reliance on the advice *518 of (1) an Internal Revenue Service appeals officer, (2) their accountant, and (3) Internal Revenue Service Publication No. 334. With respect to item one there is no evidence of record to sustain the allegation of petitioners who have the burden of proof. Rule 142(a). [4] As to the claimed reliance on the advice of their accountant, that advice was best equivocal. See p. 2, supra. The record is also not crystal clear that petitioners in fact relied upon the above-quoted material in Internal Revenue Service Publication No. 344, which was clearly erroneous. In this connection, petitioner Richard Gnyp informed the Court at the time the case was submitted that such reliance took place in 1983. The fact of the matter is that in March 1982, long before petitioners' 1981 tax return was sent to petitioners by their accountant, respondent publicly announced that Publication 334 contained an error relating to the net operating loss carryover period for tax years ending before 1976. [5]Announcement 82-52, 1982-13 I.R.B. 24. *519 Even if we were to accept fully petitioners' assertions as to reliance, their arguments must be rejected. Although it may seem unfair to sustain respondent where taxpayers may have been misled by an erroneous pronouncement of law, it is clear that respondent is not bound by mistakes of law and that consequently petitioners' apparent reliance on Publication No. 334 is not enough to save the day for them. Dixon v. United States,381 U.S. 68, 72-73 (1965); CWT Farms, Inc. v. Commissioner,79 T.C. 1054, 1069 (1982), affd. 755 F.2d 790 (11th Cir. 1985), and cases cited thereat; Zimmerman v. Commissioner,71 T.C. 367 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979). We hold that petitioners were not entitled to carry their 1974 net operating loss forward to 1981. [6]
With respect to the additions to tax under section 6651(a)(1), the record is clear that petitioners' 1981 return was not timely filed *520 and there is no evidence as to the reasons for the delay. [7]
Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year at issue, and all Rule references are to the tax Court Rules of Practice and Procedure. ↩
2. Neither the amount of the loss nor its characterization as a net operating loss for 1974 is in dispute. ↩
3. The 7-year provision was amended to provide for the present 15-year carryforward by sec. 207(a)(l) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 225. See also Economic Recovery Act of 1981, sec. 209(c)(3), added by the Technical Corrections Act of 1982, Pub. L. 97-448, sec. 102(d)(2), 96 Stat. 2370. ↩
4. Petitioners complain that placing the burden of proof upon them is unfair, but this aspect of the tax law was established long ago by the Supreme Court. Welch v. Helvering,290 U.S. 111↩ (1933). 5. The Announcement, after quoting the erroneous language from Publication No. 334, went on to state: The NOL carryover period for tax years ending before 1976 should be five years instead of seven years. Therefore, the last tax year to which a pre-1976 NOL could be carried is the tax year ending 1980.
See 1982-13 I.R.B. 24↩. 6. Petitioners asserted in their petition that they had a 1983 net operating loss available to be carried back to 1981, but there is no evidence of record in respect of this assertion. ↩
7. The 1982 return was signed by petitioners on Dec. 5, 1983, and stamped received by respondent on Sept. 4, 1984. The record contains no indication as to how the $ 22 addition to tax was calculated. ↩