T.C. Memo. 1999-352

UNITED STATES TAX COURT

LUISA DEAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12757-98.                    Filed October 25, 1999.

Luisa Deal, pro se.

<u>Yvonne M. Peters</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's 1995 Federal income tax in the amount
of $1,050.

The issue for decision is whether petitioner is liable for a 10-percent additional tax under section 72(t)(1)[1] on a $10,500 distribution from her individual retirement account (IRA).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in La Jolla, California.

In 1995, at the age of 52, petitioner received an IRA distribution from Smith Barney, Inc., of $10,500. Petitioner did not roll over the IRA distribution into another qualified IRA. Petitioner reported the $10,500 distribution on her 1995 Federal income tax return as a taxable IRA distribution but did not compute the additional 10-percent additional tax due for premature distribution.

In a notice of deficiency dated December 31, 1995, respondent determined a deficiency of $1,050. This amount represented a 10-percent additional tax on IRA distributions pursuant to section 72.

OPINION

Under section 408(d)(1), a distribution from an IRA is taxable to the distributee in the year of distribution in the

---

[1]    Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

manner provided under section 72.  Section 408(d)(3) provides an exception to the general rule for certain "rollovers" by the distributee; namely, where a distribution is paid to the distributee, and the distributee transfers the entire amount of the distribution to an IRA or an individual retirement annuity within 60 days of receipt.

Section 72(t)(1) provides for a 10-percent additional tax on distributions from qualified retirement plans.  Section 72(t)(2) excludes qualified retirement plan distributions from the 10-percent additional tax if the distributions are:  (1) Made on or after the date on which the employee attains the age of 59-1/2; (2) made to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) attributable to the employee's being disabled within the meaning of section 72(m)(7); (4) part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or joint lives (or joint life expectancies) of such employee and his designated beneficiary; (5) made to an employee after separation from service after attainment of age 55;[2] or (6) dividends paid with respect to stock of a corporation which are described in section 404(k).  A

---

[2]     This provision, codified at sec. 72(t)(2)(A)(v), is not applicable to premature IRA distributions.  See sec. 72(t)(3)(A).

limited exclusion is also available for distributions made to an employee for medical care expenses. See sec. 72(t)(2)(B).

Petitioner's IRA was a qualified retirement plan. Petitioner did not roll over her IRA distribution and does not claim to fit within any of the statutory exceptions of section 72(t)(2). Petitioner testified that she was aware of the provisions of section 72(t) when she filed her 1995 income tax return but claims that she relied on erroneous advice she received from the Internal Revenue Service (IRS) when she called for information to prepare her return.

In sum, petitioner contends that the application of section 72(t) in this case is inequitable because she made a good faith effort to correctly file her 1995 Federal income tax and relied on IRS advice.

This Court has previously held that the authoritative sources of Federal tax law are statutes, regulations, and judicial case law and not informal IRS sources. See Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972). Additionally, in order to ensure uniform enforcement of the tax law, the Commissioner must follow authoritative sources of Federal tax law and may correct mistakes of law made by IRS agents or employees. See Dixon v. United

States, 381 U.S. 68, 72 (1965); Massaglia v. Commissioner, 286 F.2d 258, 262 (10th Cir. 1961), affg. 33 T.C. 379 (1959).

Though it is unfortunate that petitioner may have received unhelpful or incorrect tax advice from IRS employees, that advice does not have the force of law.

Petitioner contends that her present financial hardship should relieve her from liability for the additional tax and asks this Court for relief.  There is, however, no financial hardship exception to section 72(t).

Petitioner has not shown error in respondent's determination that she is liable for a 10-percent additional tax on her 1995 IRA distribution.  Since petitioner fails to qualify for any of the statutory exceptions under section 72(t)(2), we hold that petitioner is liable for the 10-percent additional tax on distributions from a qualified retirement plan for 1995 as provided in section 72(t)(1).  Respondent is sustained on this issue.

To reflect the foregoing,

Decision will be entered for respondent.