T.C. Summary Opinion 2001-167

UNITED STATES TAX COURT

LISA A. FERREIRA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4340-00S.                    Filed October 17, 2001.

Lisa A. Ferreira, pro se.

<u>Louise R. Forbes</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $720 in petitioner's Federal income tax for 1997. The sole issue for decision is whether $4,809 of unemployment compensation petitioner received during 1997 is includable in her gross income.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioner resided in Lowell, Massachusetts, at the time the petition in this case was filed.

Background

Petitioner timely filed her 1997 Federal income tax return upon which she reported wages of $11,370 and Social Security benefits in the amount of $4,809.

During 1997 petitioner received $4,809 of unemployment compensation from the Commonwealth of Massachusetts. Petitioner, however, reported the unemployment compensation on her 1997 Form 1040, U.S. Individual Income Tax Return, as Social Security benefits. She elected to have the entire amount of her Federal income tax refund directly deposited into her bank account.

Petitioner later called the Internal Revenue Service (IRS) to check on the status of her $486 refund. An IRS employee informed her that her refund was in the amount of $1,206, $720 more than she claimed on her return.

Petitioner was confused so she remained on the phone to determine why the IRS had increased her refund. The IRS employee

informed her that she made a mistake on her return and that the Social Security benefits, as reported, were not taxable. Petitioner then explained the amounts and sources of her income for 1997, including the unemployment compensation. The IRS employee said that the refund was a final determination and it was hers to enjoy.

Petitioner was uneasy with the IRS's oral confirmation of her right to the refund in the higher amount so she called a second time to inquire about the appropriate amount of her refund. In response, another IRS employee said the IRS would send petitioner a letter regarding the taxation of Social Security benefits. After receiving the letter, petitioner called the IRS a third time and repeated that she did not receive Social Security benefits. Rather, petitioner stated, she received only unemployment compensation and she could provide the IRS written proof of its receipt.

After the tax refund of $1,206 was deposited in petitioner's bank account, petitioner did not spend the money for 7 or 8 months because she feared the IRS would ask for the money to be returned. After IRS employees repeatedly confirmed that the refund belonged to petitioner, she spent the money only when she encountered severe financial difficulties.

Two years later, the IRS determined a deficiency of $720 in petitioner's 1997 Federal income tax. The deficiency is

attributable solely to petitioner's mistake in reporting unemployment compensation of $4,809 as Social Security benefits. Petitioner does not dispute that she received $4,809 of unemployment compensation during 1997.

## Discussion

Section 61 provides that all income, from whatever source derived, is includable in gross income unless specifically excluded by another provision. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). "In the case of an individual, gross income includes unemployment compensation." Sec. 85(a). "[T]he term 'unemployment compensation' means any amount received under a law of the United States or of a State which is in the nature of unemployment compensation." Sec. 85(b). Petitioner has not stated any disagreement with these basic rules.

Petitioner testified that she received unemployment compensation and that she was aware it was includable in income when she filed her 1997 income tax return. Petitioner, however, claims that she relied on erroneous tax advice she received from IRS employees.

In sum, petitioner argues that the deficiency notice issued by the IRS in this case is invalid because she made a good faith effort to correctly report her income on her Federal income tax return for 1997 and relied on the advice of IRS employees.

This Court has held that the authoritative sources of Federal tax law are statutes, regulations, and published court opinions, not informal IRS sources such as telephone conversations with IRS employees.  See <u>Zimmerman v. Commissioner</u>, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); <u>Green v. Commissioner</u>, 59 T.C. 456, 458 (1972).  Furthermore, to promote uniform application of the tax law, "the Commissioner must follow authoritative sources of Federal tax law and may correct mistakes of law made by IRS agents or employees."  <u>Deal v. Commissioner</u>, T.C. Memo. 1999-352 (citing <u>Dixon v. United States</u>, 381 U.S. 68, 72 (1965); <u>Massaglia v. Commissioner</u>, 286 F.2d 258, 262 (10th Cir. 1961), affg. 33 T.C. 379 (1959)).

Petitioner testified that IRS employees have threatened "that they could come take my vehicle."  Petitioner maintains that the treatment afforded her by the IRS is unacceptable and inexcusable.  Furthermore, she maintains that she doesn't "think it's right that * * * a person honestly trying to pay their taxes should go through something like this with the IRS."  Petitioner also maintains that if the outcome of this proceeding is not in her favor she is unable to "pay this money back right now."

While we are sympathetic to petitioner's plight, the record indicates that she was aware of potential problems with her tax return, so much so that she was hesitant to rely on the

assurances of IRS employees the first few times she called. Though it is unfortunate that petitioner received unhelpful or incorrect tax advice from IRS employees, that advice does not have the force of law.

Accordingly, we conclude that petitioner failed to report $4,809 of unemployment compensation that should have been included in her gross income for 1997. Thus, petitioner is liable for the deficiency determined by respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.