T.C. Summary Opinion 2002-136

UNITED STATES TAX COURT

ROBERT MATTHEW DONOHOE AND JANE HAREGEWOIN DONOHOE, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8075-01S.                    Filed October 17, 2002.

Robert Matthew Donohoe, pro se.

Trent D. Usitalo, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,842 in petitioners' 1999 Federal income tax. The issue is whether petitioners[2] may exclude from gross income payments received for unused vacation and sick leave. Petitioners resided in Penn Valley, California, at the time the petition was filed.

The facts are not in dispute, and the issue is primarily one of law.[3] Petitioner terminated his employment with the County of Los Angeles in July 1999 for a new position as a pilot for Skywest Airlines. Because of the suddenness of his employment change, petitioner was unable to use accrued vacation and sick leave he had earned as an employee of the County of Los Angeles. Thus, he received a $10,170 cash payment for the unused benefits.

As reported on their 1999 Forms W-2, Wage and Tax Statement, petitioners received $103,652 of taxable wages. Petitioner earned $51,688 and $6,733 from the County of Los Angeles and Skywest Airlines, respectively, and petitioner Jane Haregewoin Donohoe earned $45,231 from the State of California.

---

[2] Petitioner Jane Haregewoin Donohoe did not appear at the trial and did not execute the stipulation of facts. With respect to her, we will dismiss this case for failure to prosecute. See Rule 123(b). The decision, when entered, will be in the same amount as ultimately determined against petitioner Robert Matthew Donohoe. In the opinion, references to petitioner are to Robert Matthew Donohoe.

[3] Sec. 7491, concerning burden of proof, has no bearing on this case.

In preparing their 1999 joint Federal income tax return, petitioners reported $93,482 of taxable wages. Petitioners excluded $10,170, representing the amount petitioner received from the County of Los Angeles for unused vacation and sick leave.[4]

Section 61 provides in part:

SEC. 61.  GROSS INCOME DEFINED.

(a)  General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1)  Compensation for services, including fees, commissions, fringe benefits, and similar items;

Section 1.61-1(a), Income Tax Regs., further provides that "Gross income means all income from whatever source derived, unless excluded by law." Specifically, "Wages, [and] salaries * * * are income to the recipients unless excluded by law." Sec. 1.61-2(a)(1), Income Tax Regs. Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). A taxpayer's accession of wealth is gross

---

[4]  Respondent, in "Our Proposed Changes To Your 1999 Form 1040" issued to petitioners with the notice of deficiency, asserted that $103,651 of taxable wages was reported to respondent. As a result, respondent determined an increase of $10,169 to petitioners' gross income. Respondent does not dispute the difference of $1 and does not intend to deviate from the statutory notice of deficiency.

income, unless "some provision of the Code or of law [excepts], [exempts], or [excludes] [it] from gross income." Williams v. Commissioner, 35 T.C. 685, 687 (1961). Furthermore, "exemptions from taxation are not to be implied; they must be unambiguously proved." United States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988). It is against this backdrop that petitioner begins his Herculean journey to establish that the $10,170 received as payment for his unused vacation and sick leave is nontaxable.

Petitioner argues that section 457 applies to exclude his compensation for unused vacation and sick leave from gross income.[5] Congress enacted section 457 by the Revenue Act of 1978, Pub. L. 95-600, sec. 131(c), 92 Stat. 2782. Section 457(a) provides that, if a taxpayer participates "in an eligible deferred compensation plan, any amount of compensation deferred * * * shall be includible in gross income only for the taxable year in which such compensation or other income is paid or otherwise made available" to the taxpayer. An eligible deferred compensation plan is a plan that meets the requirements of section 457(b) and is "maintained by an eligible employer". Sec.

---

[5] Petitioner bases his argument on a newspaper article he read. Petitioner was unable to identify the source and publication date of the article. We have repeatedly held that the authoritative sources of Federal tax law are the statutes, regulations, and judicial caselaw. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972).

457(b). An eligible employer is "a State, political subdivision of a State, and any agency or instrumentality of a State or political subdivision of a State". Sec. 457(e)(1)(A).

Initially we note that while it may be arguable that the vacation and/or sick leave could be considered a deferred compensation plan, section 457 would only defer the income to "the taxable year in which such compensation or other income is paid". Sec. 457(a). Petitioner received the payment in 1999, the year before the Court.

But that is not the only problem with petitioner's section 457 argument. Section 457(e)(11) provides that "Any bona fide vacation leave, sick leave, compensatory time, severance pay, disability pay, or death benefit plan" is not a plan that provides for the deferral of compensation. Sec. 457(e)(11)(A)(i).[6] Although the County of Los Angeles is an eligible employer under section 457, the compensation petitioner received for unused sick and vacation leave fits squarely within the exemption of section 457(e)(11). As a result, petitioner's compensation for unused vacation and sick leave is not a deferred compensation plan, and section 457 cannot apply. Therefore, we

---

[6] Respondent issued Notice 88-8, 1988-1 C.B. 477, and Notice 88-68, 1988-1 C.B. 556, which Congress later codified in sec. 457(e)(11) by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6064(a), 102 Stat. 3700.

hold that petitioner's compensation for unused vacation and sick leave is taxable wages under section 61.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>