T.C. Summary Opinion 2004-40


UNITED STATES TAX COURT



JACK A. AND JUDITH M. DAVIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18421-02S.          Filed March 25, 2004.


Jack A. Davis and Judith M. Davis, pro sese.

<u>Michael S. Hensley</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $1,991 for the taxable year 2000. The issue remaining for decision is whether Social Security disability benefits petitioners received are includable in their gross income.[1] Petitioners resided in Chula Vista, California, on the date the petition was filed in this case.

Petitioners filed a joint Federal income tax return for taxable year 2000. They did not report any income from Social Security disability benefits. Respondent determined that petitioners received $15,053 in disability benefits during 2000, and that $12,795 of this amount was includable in petitioners' gross income.

Petitioners do not dispute receiving the amount of benefits respondent determined. Rather, petitioners argue that disability benefits, as such, should not be included in gross income. Petitioners base their position upon advice they received from an accountant and IRS employees, who told petitioners that disability payments are not taxable. However, despite the advice

---

[1]The Court, in an order dated Dec. 1, 2003, held that a notice of deficiency issued to petitioners for taxable year 1999 was invalid because it did not reflect petitioners' last known address. Because the jurisdiction of this Court requires a valid notice of deficiency, petitioners' case was dismissed for lack of jurisdiction insofar as it related to 1999, and this Court may not address at this time issues raised by petitioners with respect to that year. Petitioners do not dispute the only other adjustment in the notice of deficiency for taxable year 2000, the inclusion in income of capital gain dividends of $15.

to the contrary, it is clear under Federal tax law that Social Security disability benefits are included in gross income to the same extent as other Social Security benefits. Sec. 86(d)(1); Thomas v. Commissioner, T.C. Memo. 2001-120. The amount of the benefits includable in a taxpayer's income depends upon the taxpayer's filing status and income from other sources but never exceeds 85 percent of the benefits received. Sec. 86(a). We have reviewed respondent's calculations and conclude that respondent was correct in determining that 85 percent of petitioners' Social Security disability benefits are includable in their gross income for the year 2000.

Petitioners argue that they "have a prenuptial agreement that stipulates separate property, wages and/or earnings". We interpret petitioners' argument to be that, pursuant to the prenuptial agreement, their income should not be combined for purposes of applying section 86. Such an agreement has no effect on the application of Federal tax law under the circumstances of this case. Petitioners elected to file a joint Federal income tax return, and therefore their tax must be "computed on the aggregate income and the liability with respect to the tax shall be joint and several." See sec. 6013(d)(3). Petitioners may not revoke their election to file jointly after the expiration of the time for filing the return. See Ladden v. Commissioner, 38 T.C. 530 (1962); sec. 1.6013-1(a)(1), Income Tax Regs.

Petitioners also stress that IRS employees advised them that disability benefits are not taxable.  Neither the Commissioner nor this Court is bound by advice given to a taxpayer which is based upon a mistake of law.  Dixon v. United States, 381 U.S. 68 (1965); Auto. Club v. Commissioner, 353 U.S. 180 (1957).  The authoritative sources of Federal tax law are the statutes, regulations, and judicial decisions.  Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979).  We have applied the relevant statute, and we have concluded that respondent correctly applied the law in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.