T.C. Memo. 1996-278

UNITED STATES TAX COURT

DONALD G. RUSSELL, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12946-95.                       Filed June 17, 1996.

Donald G. Russell, pro se.

Gary W. Bornholdt, for respondent.


MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency in petitioner's 1992
Federal income tax in the amount of $279.

The sole issue for decision is whether unemployment benefits
received by petitioner during the year at issue constitute

---

[1]     Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

"compensation" for purposes of calculating the allowable deduction for a contribution to an Individual Retirement Account (IRA) under section 219(b).[2]

Some of the facts have been stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Northport, New York.

During 1992, petitioner earned $306.26 in taxable wages, $299.36 in taxable interest, $106 for jury duty service, and received $10,660 in unemployment compensation. Petitioner properly reported all of this income on his 1992 Federal income tax return (return).

Petitioner contributed $2,000 to an IRA in 1992 and claimed a contribution deduction for this amount on his 1992 return. In the notice of deficiency, respondent disallowed $1,694 of petitioner's IRA contribution deduction, the amount by which the deduction exceeded his taxable wages of $306.26.

In calculating the amount of the contribution deduction, petitioner considered the unemployment benefits he received in 1992 to be "compensation", as that term is used in section 219(b)(1)(B). Respondent contends that unemployment benefits do

_____

[2] In the notice of deficiency, respondent made adjustments to petitioner's medical and miscellaneous expense deductions. These adjustments are computational and will be resolved by the Court's holding on the issue in this case.

not constitute "compensation" for purposes of section 219(b)(1)(B). Respondent relies on section 1.219(a)-1(b)(3), Proposed Income Tax Regs., 49 Fed. Reg. 2795 (Jan. 23, 1984), which expressly excludes unemployment compensation within the meaning of section 85 as "compensation" for purposes of section 219.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to the claimed deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 219(b) allows a deduction for qualified retirement contributions in "an amount equal to the compensation includable in the individual's gross income", to a maximum of $2,000. Section 219(f)(1) defines "compensation" as including earned income received by a self-employed individual; however, the term does not include any amount received as a pension or annuity, and does not include any amount received as deferred compensation.

Unemployment compensation is defined under section 85(b) as "any amount received under a law of the United States or of a State which is in the nature of unemployment compensation." Section 1.85-1(b)(1)(i), Income Tax Regs., further explains that the amount of the payments is usually based upon length of prior employment and prior wages.

The unemployment compensation benefits petitioner received were paid to him by a Federal or State agency, not for any work or personal services performed by petitioner, but particularly and solely because of petitioner's lack of employment and inability to earn salary or wages due to the lack of employment opportunities. Section 1.219-1(c)(1), Income Tax Regs., provides in pertinent part that the term "compensation" means wages, salaries, professional fees, or other amounts derived from or received for personal services actually rendered. Petitioner's unemployment compensation benefits were not paid to him for personal services actually rendered. Accordingly, the Court holds that unemployment compensation benefits, since such benefits are not paid for personal services actually rendered, does not constitute "compensation" within the intent and meaning of section 219(b)(1)(B). Thus, petitioner's allowable IRA contribution deduction for the year in issue is limited to $306.26, the amount of his taxable wages during 1992.

At trial, petitioner referred the Court to the Internal Revenue Service (IRS) 1990 instruction booklet for Form 1040 and the following statement in that booklet on which he relied in considering his unemployment compensation benefits as "compensation" for purposes of his IRA contribution: "NOTE: Supplemental unemployment benefits received from a company-financed supplemental unemployment benefit fund are wages.

Report them on Line 7."  The Court first notes that petitioner did not receive his unemployment benefits "from a company-financed supplemental unemployment benefit fund".  Therefore, the statement from the booklet is not applicable to petitioner.  However, even if the booklet had provided erroneous information, the law is well settled that authoritative tax law is contained in statutes, regulations, and judicial decisions and not in informal publications.  Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972).  Publications by the IRS, like the one on which petitioner relied, are merely guides published by the IRS to aid taxpayers.  Dixon v. United States, 381 U.S. 68, 73 (1965).  The Court, however, does not conclude that the statement relied on by petitioner was erroneous; petitioner merely misconstrued its meaning.

Decision will be entered for respondent.