T.C. Summary Opinion 2002-30


UNITED STATES TAX COURT



GREGORY SCOTT WEST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 2784-00S.          Filed April 1, 2002.



Gregory Scott West, pro se.

<u>Rachael J. Zepeda</u>, for respondent.



GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1997 Federal income tax in the amount of $3,886.

The sole issue for decision is whether petitioner is liable for a 10-percent additional tax under section 72(t)(1) on a $38,855 distribution from an individual retirement account (IRA).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Phoenix, Arizona.

In 1995, petitioner was employed as a manager at Alamo Rental Car in Nashville, Tennessee. Petitioner worked for Alamo for 12 years prior to March 1995, when he resigned due to failing health. At that time, petitioner moved back to Phoenix, Arizona, to be near his family. He did not consult with a medical doctor.

Although petitioner's illness was not confirmed until 1998, he was unable to work after March of 1995 as the symptoms of his illness increased. In 1998, petitioner confirmed, through an anonymous testing facility, that he has the human immunodeficiency virus (HIV) which has developed into the acquired immunodeficiency syndrome, or AIDS. Petitioner testified that he had symptoms in 1995, "and I knew what the problem was." Petitioner also stated that "with HIV, you cannot start the--the longer you can wait to start medication the better, because you're--the virus builds up resistance to the medication." Petitioner was hospitalized in 1999 and has been on

medical treatment since then.

Petitioner testified that he did not seek medical attention during 1996 through 1998 because he was attempting to secure employment on a part-time basis and health insurance with no "annual caps". He further testified that "unfortunately, if you keep it anonymous, you have greater chances of getting employment, and you know, insurance." Petitioner began working for American Express in mid-1998. Petitioner works on a part-time basis, approximately 32 hours per week. American Express offers health insurance with no "annual caps" and a salary continuance program under the Family and Medical Leave Act of 1993, Pub. L. 103-3, 107 Stat. 6. Petitioner testified that had he found a company that would have provided the insurance he was seeking and the part-time schedule, he would have been able to work in 1997.

Prior to the year in issue petitioner individually owned an IRA account. During 1997, petitioner withdrew $38,855 from his IRA account. Petitioner did not roll over the IRA amounts into another qualified employee retirement plan or individual retirement plan. The amount withdrawn was reported on petitioner's 1997 Federal income tax return. Although the amount of the distribution was reported on the return, petitioner did not compute the 10-percent additional tax due for premature distribution. Petitioner, who was born on March 7, 1957, was 40

years of age in 1997 when the withdrawal was made.

In a notice of deficiency, respondent determined a deficiency in the amount of $3,886. This amount represented a 10-percent additional tax on an early IRA distribution pursuant to section 72(t).

Under section 408(d)(1), a distribution from an IRA is taxable to the distributee in the year of distribution in the manner provided under section 72. Section 408(d)(3) provides an exception to the general rule for certain "rollovers" by the distributee; namely, where a distribution is paid to the distributee, and the distributee transfers the entire amount of the distribution to an IRA or an individual retirement annuity within 60 days of receipt.

Section 72(t)(1) provides for a 10-percent additional tax on distributions from qualified retirement plans. Section 72(t)(2) excludes qualified retirement plan distributions from the 10-percent additional tax if the distributions are: (1) Made on or after the date on which the employee attains the age of 59-1/2;[1] (2) made to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) attributable to the employee's being disabled within the meaning of section 72(m)(7); (4) part of a series of substantially equal periodic payments

---

[1] For the purpose of sec. 72(t), the term "employee" also refers to participants in individual retirement accounts. Sec. 72(t)(5).

(not less frequently than annually) made for the life (or life expectancy) of the employee or joint lives (or joint life expectancies) of such employee and his designated beneficiary; (5) made to an employee after separation from service after attainment of age 55;[2] or (6) dividends paid with respect to stock of a corporation which are described in section 404(k). A limited exclusion is also available for distributions made to an employee for medical care expenses. Sec. 72(t)(2)(B).

The parties do not dispute that petitioner's IRA was a qualified retirement plan and that petitioner did not "roll over" his IRA distribution pursuant to section 408(d)(3). Therefore, in order to prevail, petitioner must fall under one of the exclusions under section 72(t)(2).

At issue here is the exception pertaining to distributions attributable to an employee's being disabled within the meaning of section 72(m)(7). Sec. 72(t)(2)(A)(iii). Accordingly, petitioner is not liable for the 10-percent additional tax for early withdrawal if he was "disabled" during 1997.

Section 72(m)(7) defines the term "disabled" as follows:

> For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

---

[2] This provision, codified at sec. 72(t)(2)(A)(v), is not applicable to premature IRA distributions. Sec. 72(t)(3)(A).

to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

Because petitioner was not treated for HIV until 1999, he has no medical records reflecting that he had HIV in 1997. Petitioner testified that when he was hospitalized in March 1999 his CD4+ T cell count and viral load readings indicated that the illness had progressed from prior years. Petitioner relies on this inference to prove that he was HIV positive during 1997. We note, however, that petitioner failed to provide any medical records from any year reflecting his CD4+ T cell or viral load levels.[3]

Further, at trial petitioner testified that had he found a company, like American Express, that offered him a part-time work schedule and medical insurance with no "annual caps", then he would have worked in 1997. Under the definition of disability found in section 72(m), petitioner is not deemed disabled if he was able to "engage in any substantial gainful activity" during the year in issue. "Substantial gainful activity" refers to the activity or a comparable activity in which the individual customarily engaged prior to the disability. Sec. 1.72-17(f)(1), Income Tax Regs. By petitioner's own testimony, he was able to

---

[3] Because petitioner failed to comply with requirements to substantiate his illness, he failed to meet the requirements of sec. 7491(a)(2)(A), as amended, so as to place the burden of proof on respondent with respect to any factual issue relevant to ascertaining liability for the tax deficiency in issue.

work in 1997 at an activity comparable to the one in which he customarily engaged, and thus he was not disabled as defined in section 72(m)(7). See also Dwyer v. Commissioner, 106 T.C. 337 (1996); Fohrmeister v. Commissioner, T.C. Memo. 1997-159; Brown v. Commissioner, T.C. Memo. 1996-421.

Petitioner testified that he contacted the Internal Revenue Service (IRS) with respect to the 10-percent additional tax and was informed by an IRS agent that he was not subject to the 10-percent additional tax. This Court has previously held that the authoritative sources of Federal tax law are statutes, regulations, and judicial case law and not informal IRS sources. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972). Additionally, in order to ensure uniform enforcement of the tax law, the Commissioner must follow authoritative sources of Federal tax law and may correct mistakes of law made by IRS agents or employees. Dixon v. United States, 381 U.S. 68, 72 (1965); Massaglia v. Commissioner, 286 F.2d 258, 262 (10th Cir. 1961), affg. 33 T.C. 379 (1959). While it is unfortunate that petitioner may have received unhelpful or incorrect tax advice from an IRS employee, that advice does not have the force and effect of law.

Although we are very sympathetic to petitioner's medical situation, he has failed to show that he was disabled, as defined

in section 72(m)(7), during the year in issue.  Since petitioner fails to qualify for any of the statutory exceptions under section 72(t)(2), we hold that he is liable for the 10-percent additional tax on distributions from a qualified retirement plan for 1997 as provided in section 72(t)(1).  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.