T.C. Summary Opinion 2002-100


UNITED STATES TAX COURT



FREDERICK LEROY McGEE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4928-01S                    Filed July 30, 2002.


Frederick Leroy McGee, Jr., pro se.

<u>William R. Shump</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1997 and 1998 in the amounts of $4,326 and $2,694, respectively. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head of household status; and (3) whether petitioner is entitled to earned income credits for the years at issue.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Seaford, Delaware.

Petitioner was married to Karen S. Brittingham (Ms. Brittingham) in 1976. Petitioner and Ms. Brittingham had four children from their marriage: Ryan Scott McGee (Ryan), born July 28, 1979; Natalie Lauren McGee (Natalie), born January 1, 1983; Adam Tyler McGee (Adam), born July 11, 1987; and Jordan Kyle McGee (Jordan), born July 31, 1990 (collectively the children).

In 1989 or 1990, petitioner and Ms. Brittingham had a four-bedroom house built for the family (family home). The family home was located at 1201 Atlanta Circle, Seaford, Delaware.

Petitioner and Ms. Brittingham were divorced in 1992. Pursuant to the Stipulation And Order In Regard To Custody (custody order), dated May 19, 1993, custody of the children was to be "held jointly with equal shared placement of the children".

The custody order provided a detailed schedule of placement that was to operate on 2-week intervals. The custody order granted physical placement of the children with petitioner for 3 days in the first week and 4 days in the second week. Ms. Brittingham was granted physical placement of the children for 4 days in the first week and 3 days in the second week. This 2-week placement schedule was to be maintained as long as the custody order was in effect. Additionally, the custody order provided that neither petitioner nor Ms. Brittingham would seek child support payments from the other. The custody order was silent as to which parent could claim dependency exemptions for Federal income tax purposes.

Petitioner lived in and maintained the family home after the divorce. Petitioner and Ms. Brittingham reached an agreement at the time of the divorce whereby Ms. Brittingham deeded her interest in the family home to petitioner.[1]

Petitioner began to experience financial difficulties in 1997. He claimed that the divorce had detrimental effects on his credit. Petitioner stopped making mortgage payments on the family home at the end of 1996 or in early 1997. The family home was foreclosed upon in August or September of 1998. After relinquishing the family home to foreclosure, petitioner was

---

[1] It cannot be determined from the record if the agreement was a part of or incorporated into the divorce decree.

unable to obtain permanent housing due to his poor credit.  He stayed in motels and at his parents' home for the remainder of 1998.

Petitioner has been employed by various construction management companies throughout his career.  Petitioner was laid off from Century Engineering, Inc., in the fall of 1996 and did not obtain steady employment until the spring of 1997.  He was employed by the Hackney Group from the spring of 1997 until he was laid off in December 1997.  Petitioner worked for Capital Contractors in 1998.

Ms. Brittingham was employed as a nurse in 1997 and 1998. For the years at issue, Ms. Brittingham maintained a four-bedroom home located at 42 Garden Lane, Seaford, Delaware.  Adam and Jordan lived in Ms. Brittingham's home when she had custody.

Petitioner testified that the custody order was strictly followed, as to all the children, through 1996.  During 1997, Ryan and Natalie stopped adhering to the custody schedule, both choosing to live primarily with Ms. Brittingham.[2]

Petitioner testified that he maintained the shared placement schedule as to Adam and Jordan from January 1997 through November 17, 1998.  However, petitioner further testified that Adam and

---

[2]    For purposes of this opinion, Ryan and Natalie are not at issue because petitioner did not claim either of these children as dependents or qualifying children for 1997 and 1998.

Jordan spent more time during the summer months at Ms. Brittingham's residence.

On November 17, 1998, a custody hearing was held before the Family Court of the State of Delaware In and For Sussex County (Family Court) at Ms. Brittingham's request. At the custody hearing, Ms. Brittingham contended that petitioner had not complied with the placement schedule in the custody order and that during 1998, Adam and Jordan lived with her a majority of the time. An Order - Motion And Affidavit To Modify Custody, dated January 19, 1999, granted Ms. Brittingham sole custody and physical placement of Adam and Jordan.[3] Petitioner was granted visitation on alternate weekends. Subsequently, the Family Court ordered petitioner to pay child support retroactive to November 17, 1997.

On petitioner's respective 1997 and 1998 Federal income tax returns, he claimed dependency exemption deductions for Adam and Jordan, head of household filing status, and earned income credits. Petitioner computed the earned income credit claimed on each return by treating Adam and Jordan as qualifying children.

Petitioner alleges that an employee in the local office of the Internal Revenue Service (IRS) advised him that he was

_____

[3] In the same order, Ms. Brittingham was also granted sole custody of Natalie. Ryan was emancipated on June 10, 1998; thus he was not a party to the order.

entitled to claim two dependency exemption deductions because the custody order provided equal placement of the children.

For the years at issue, respondent disallowed the dependency exemption deductions because petitioner failed to establish that he was entitled to the exemptions. Respondent further determined that petitioner's filing status was single, not head of household, and also disallowed the earned income credits.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4]

Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer during the calendar year. However, special rules apply in the case of a child of divorced parents. See sec. 152(e).

Pursuant to section 152(e)(1), if a child receives over half

---

[4] Sec. 7491 does not apply in this case to shift the burden of proof to respondent because petitioner neither alleged that sec. 7491 was applicable nor established that he fully complied with the substantiation requirements of sec. 7491(a)(2)(A).

of his support during the calendar year from divorced parents, and such child is in the custody of one or both parents for more than one-half of the calendar year, then such child is treated for purposes of section 152(a) as receiving over half his support from the parent having custody for a greater portion of the calendar year. For purposes of section 152(e), "custody" in a split placement arrangement is deemed to be with the parent who has physical custody of the child for the greater portion of the calendar year. Sec. 1.152-4(b), Income Tax Regs.

Petitioner testified that in 1997 and 1998 he strictly complied with the custody order, which provided for equal shared placement of the children between petitioner and Ms. Brittingham. However, petitioner testified that Adam and Jordan spent more time at Ms. Brittingham's residence in the "summertime because they didn't want to stay with a baby sitter." Petitioner's testimony is contradictory as to the amount of time petitioner had physical custody of Adam and Jordan in 1997 and 1998. Since neither of petitioner's contradicting statements supports the position that petitioner had physical custody of Adam and Jordan for a greater portion of 1997 and 1998 than did Ms. Brittingham, we need not analyze the credibility of petitioner's testimony on this issue.

Assuming, arguendo, that the custody order was strictly followed in every respect in 1997 and 1998, Adam and Jordan would

have been in the physical custody of each parent for exactly half of each of the years at issue, and not in the custody of petitioner for a greater portion of either year.

Petitioner presented no corroborative evidence showing that he maintained physical custody of Adam and Jordan for a greater portion of the 1997 or 1998 calendar years than did Ms. Brittingham.  In fact, petitioner's own testimony indicates that Adam and Jordan were in the physical custody of Ms. Brittingham for a greater portion of time in each of the years at issue. Petitioner has failed to establish that he has met the custody requirement under section 152(e), and, accordingly, he is not treated as having provided over half the support of Adam and Jordan in each of the years at issue.

Petitioner's claim that he is entitled to the dependency exemption deductions because of the advice of an IRS employee is without merit.  This Court has previously held that the authoritative sources of Federal tax law are statutes, regulations, and judicial case law and not informal IRS sources. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972).  Additionally, in order to ensure uniform enforcement of the tax law, the Commissioner must follow authoritative sources of Federal tax law and may correct mistakes of law made by IRS agents or employees.  Dixon v. United

States, 381 U.S. 68, 72 (1965); Massaglia v. Commissioner, 286 F.2d 258, 262 (10th Cir. 1961), affg. 33 T.C. 379 (1959). While it is unfortunate that petitioner may have received unhelpful or incorrect tax advice from an IRS employee, that advice does not have the force of law and is not binding on the respondent or this Court.

Because there is no corroborating evidence to substantiate petitioner's claimed dependency exemption deductions for the years at issue, we hold that petitioner is not entitled to the dependency exemption deductions for the 1997 and 1998 taxable years. Respondent is sustained on this issue.

Head of Household Status

According to the relevant part of section 2(b), a taxpayer shall be considered a head of household if such individual (1) is not married at the close of the taxable year, and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). Thus, petitioner must establish that Adam and Jordan lived in petitioner's home for more than 6 months in both 1997 and 1998.

Because we determined above that Adam and Jordan were not in the physical custody of petitioner for more than half of each year at issue, petitioner could not have maintained a household that was Adam and Jordan's principal place of abode for more than

one-half of 1997 or 1998.  Accordingly, petitioner is not entitled to the head of household filing status claimed for 1997 and 1998.  Respondent is sustained on this issue.

Earned Income Credit

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a qualifying child.  A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test.  See sec. 32(c)(3).

Pursuant to section 32(c)(3)(A)(ii), the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year.  Petitioner must show that Adam and Jordan lived at petitioner's residence for more than 6 months in each year at issue.

As found above, petitioner has failed to establish that Adam and Jordan had the same principal place of abode as the petitioner for more than one-half of each taxable year at issue.  Therefore, petitioner does not have a qualifying child for purposes of the earned income credit for either of the years at issue.  Accordingly, petitioner is not entitled to the earned income credits claimed for 1997 and 1998.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.