T.C. Summary Opinion 2005-158

UNITED STATES TAX COURT

MITCHELL WAYNE ANDREW AND NANCY RAE PATTEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5722-03S.            Filed November 2, 2005.

Mitchell Wayne Andrew and Nancy Rae Patten, pro sese.

<u>Kenneth P. Dale</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 2000.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined an $11,599 deficiency in petitioners' 2000 Federal income tax and a $483 section 6651(a)(1) addition to tax for that year. The issues for decision are: (1) Whether Social Security benefits received on account of Nancy Rae Patten's physical disability are includable in petitioners' income; and (2) whether petitioners' failure to file a timely 2000 Federal income tax return is due to reasonable cause.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed in this case, petitioners resided in Lake Stevens, Washington. Petitioners are, and were during all relevant periods, married to each other. They filed a joint Federal income tax return for the year in issue. Nancy R. Patten (petitioner) is afflicted with multiple sclerosis and has not been employed since 1994.

In 1995, petitioner filed for and was denied Social Security disability benefits. She reapplied for disability benefits in 1998 and was again denied. She successfully appealed the denials, and in 2000 she was awarded and received Social Security disability benefits of $50,405. Although received entirely in

2000, the Social Security disability benefits are attributable to 1996, 1997, 1998, 1999, and 2000.

Petitioners' self-prepared 2000 return was filed September 20, 2001.  Taking into account an extension to file, that return was due on or before August 30, 2001.[1]  The income reported on petitioners' 2000 return does not take into account the Social Security disability benefits petitioner received that year.

In the notice of deficiency, respondent determined that 85 percent of the Social Security disability benefits ($42,844) petitioner received during 2000 is includable in their income for that year and imposed a section 6651(a)(1) addition to tax for their failure to file a timely Federal tax return.  Other adjustments in the notice of deficiency are not in dispute and need not be addressed.

Discussion

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived.  Relevant for our purposes, section 86(a) provides that if the taxpayer's modified adjusted gross income[2] plus one-half of the Social Security benefits received by the taxpayer exceeds

---

[1]  The parties stipulated the Aug. 30, 2001, date.

[2]  In this case, ignoring adjustments not relevant here, petitioners' modified adjusted gross income equals their adjusted gross income.  See sec. 86(b)(2).

the adjusted base amount, then gross income includes the lesser of: (1) The sum of (a) 85 percent of such excess, plus (b) the lesser of (i) one-half of the Social Security benefits received during the year or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer; or (2) 85 percent of the Social Security benefits received during the taxable year.[3] See sec. 86(a)(2). With respect to married taxpayers who file a joint return for 2000, as petitioners did, the base amount and the adjusted base amount are $32,000 and $44,000, respectively. Sec. 86(c)(1)(B) and (2)(B).

Social Security benefits are included in the recipient's gross income in the taxable year in which the benefits are received. Sec. 86(a)(1). An election may be made by a taxpayer who receives a lump-sum payment of Social Security benefits during the taxable year in which a portion of the benefits is attributable to previous taxable years. Sec. 86(e). Section 86(e) provides that, if the election is made, the amount included in gross income for the taxable year of receipt must not exceed the sum of the increases in gross income for those previous taxable years that would result from taking into account the

---

[3] Before 1984, certain disability benefits were excludable from an employee's gross income under sec. 105. However, this section was repealed, and "since 1984 Social Security disability benefits have been treated in the same manner as other Social Security benefits." Maki v. Commissioner, T.C. Memo. 1996-209.

portion of the benefits attributable to the previous taxable years. Accordingly, if no election is made by the taxpayer under section 86(e), lump-sum distributions of Social Security benefits are includable in the taxpayer's gross income in the taxable year the benefits are received. Petitioners did not make an election under section 86(e) with respect to the lump-sum Social Security disability benefits received in 2000.

Allegations petitioners made in the petition and their presentation at trial suggest that petitioners do not dispute the manner in which Social Security benefits are generally treated for Federal income tax purposes. Instead they argue that the Social Security disability benefits here under consideration are excludable from their income by virtue of section 104(a)(2). Petitioners admit that they did not know how to treat the disability benefits for Federal income tax purposes. According to petitioners, in an informal contact made with one of respondent's employees they were advised that the benefits were excludable from income under section 104(a)(2). They further contend that their uncertainty as to how to treat the disability benefits resulted in the late filing of their 2000 return.

Section 104(a)(2) excludes from gross income amounts received in damages, by suit or settlement, "on account of personal physical injuries or physical sickness". In determining whether damages received are excludable under section 104(a)(2),

the focus is the nature of the claim underlying the damage award. United States v. Burke, 504 U.S. 229, 237 (1992). The underlying claim giving rise to the recovery must be "based upon tort or tort type rights", and the damages must have been received "on account of personal injuries or sickness". Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995).

Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' [in section 104(a)(2)] means an amount received (other than worker's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."

Despite the fact that petitioner sued to obtain Social Security disability benefits, these benefits do not constitute "damages" from a tortious injury. Rather, these benefits are amounts received through disability insurance.[4] See Andrews v. Commissioner, T.C. Memo. 1992-668.

Taking into account petitioners' 2000 filing status, their modified adjusted gross income, and the Social Security disability benefits petitioner received that year, 85 percent of

_____

[4] To the extent that petitioners did receive erroneous advice on this point from one of respondent's employees, the event is of no significance here. See Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972).

those benefits are includable in their 2000 income.  See sec. 86(a), (c).  Respondent's determination in this regard is, therefore, sustained.

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).

The addition to tax is applicable unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Id.  The taxpayer must prove both reasonable cause and a lack of willful neglect.  United States v. Boyle, 469 U.S. 241, 246 (1985).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence.  Id.  "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Respondent bears the burden of production with respect to any additions to tax.  See sec. 7491(c).  In order to meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once respondent has done so, the burden of proof is upon petitioners to persuade the Court that respondent's determination is incorrect.  See id.

Respondent established that petitioners' 2000 return was not filed by its extended due date.  Petitioners' only explanation for the untimely filing is their uncertainty as to how to treat the Social Security disability payments.  We are not persuaded that their explanation rises to the level of "reasonable cause".  Accordingly, we hold that petitioners are liable for the addition to tax under section 6651(a)(1) for the year 2000.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.