T.C. Summary Opinion 2006-150


UNITED STATES TAX COURT


DONNA G. FAIRCLOTH, f.k.a. DONNA G. MURRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16814-04S.          Filed September 14, 2006.


Donna G. Faircloth, f.k.a. Donna G. Murray, pro se.

<u>Monica J. Miller</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code as amended.

The issue for decision is whether, under section 6015(g), petitioner is entitled to a credit or refund by virtue of having been granted relief from joint liability under section 6015(c) for taxable years 1995 and 1996.[2]

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Perry, Florida.

The relevant facts in this case are not in dispute. On a joint Federal income tax return for 1995, petitioner and her husband, Rory A. Murray, claimed a refund of $2,060. That refund was based on excess withholdings and a $1,091 earned income credit. They failed to report as income taxable wages of $564 and nonemployee compensation of $7,593 earned by Mr. Murray. On September 30, 1997, a notice of deficiency for the taxable year 1995 was issued to petitioner and her husband that adjusted their income to include the two items of unreported income. As a result of this additional income, the earned income credit was not allowable due to the limitation of section 32(a)(2). The deficiency determined in the notice of deficiency was $3,263.

---

[2]Sec. 6015 applies to liabilities that arose "after July 22, 1998, and to liabilities that arose prior to July 22, 1998, that were not paid on or before July 22, 1998," making petitioner eligible for relief under sec. 6015. Sec. 1.6015-8, Income Tax Regs.

For 1996, petitioner and her spouse filed a joint Federal income tax return claiming an overpayment of $2,831, consisting of $1,595 in withholdings and a $1,236 earned income credit. That return, however, failed to include as income nonemployee compensation of $4,469 earned by Mr. Murray and taxable wages of $25 earned by petitioner. A notice of deficiency for the taxable year 1996 was thereafter issued to petitioner and her spouse that adjusted their income to include the omitted income. This adjustment also caused a reduction of the earned income credit in the amount of $884 due to the income limitations of section 32(a)(2).

Petitioner responded to the notice of deficiency for taxable year 1995 with a handwritten note to the IRS; however, no petition was filed in this Court with respect to either statutory notice. The assessments for taxable years 1995 and 1996 were made on February 23, 1998, and April 12, 1999, respectively. No payments were made on the 1995 and 1996 deficiencies.

Petitioner sustained a work-related injury on June 1, 1995. While petitioner was receiving treatment for the injury, her husband was transferred to Colorado in August 2005 for work. Petitioner remained in Florida awaiting surgery and did not relocate to Colorado until sometime in October.

Petitioner and her spouse did not have joint or separate bank accounts; they paid their bills in cash or money orders.

The trial record shows that petitioner regularly opened all mail received, but she contends that she did not maintain their financial records nor prepare their tax returns. Petitioner and her spouse separated near the end of 1999. Mr. Murray died on October 7, 2001. At the time of his death, no payments had been made on the deficiencies. Further, no Federal income tax returns had been filed by petitioner and her spouse for the years 1997, 1998, 1999, 2000, and 2001.

On or about October 22, 2001, collection notices were mailed to petitioner with respect to the unpaid liabilities for 1995 and 1996. Petitioner contacted the IRS to inform them that her husband was deceased and that she was unable to pay the liabilities. She inquired what collection alternatives were available to her and was advised that an offer-in-compromise, installment agreement, or other collection alternative would not be considered until petitioner brought her filing status current. Consequently, she filed delinquent returns for taxable years 1997, 1998, 1999, 2000, and 2001 and a timely return for 2002. The 1998, 1999, and 2001 returns reflected overpayments, which were applied to the 1995 joint liability.

Petitioner initially filed her 2000 return as a married individual filing separately. There was an amount of tax due reported on that return. Respondent assessed additions to tax under section 6651 and applied a portion of her 2001 overpayment and all of her 2002 overpayment to the tax liability for 2000.

In April 2003, petitioner filed an amended return for the 2000 taxable year reporting, as she had for taxable years 2001 and 2002, that she was entitled to head-of-household filing status. The amended return was accepted by the IRS, which resulted in the abatement of most of the section 6651 additions to tax, the corresponding interest, and $977 of the tax assessed for the 2000 taxable year. Because the liability for taxable year 2000 had been paid in full by the application of refunds from taxable years 2001 and 2002, there was an overpayment for the year 2000. A small portion of this overpayment was applied to pay fully the remainder of the 1995 joint liability, and the balance was applied to the 1996 joint liability.

On May 15, 2003, petitioner filed with the IRS a Form 8857, Request for Innocent Spouse Relief, seeking relief from the 1995 and 1996 joint tax liabilities. Respondent issued a notice of determination granting petitioner partial relief under section 6015(c) of the joint 1995 and 1996 tax liabilities.[3] The notice also stated that refunds are not allowed with respect to relief from joint liability granted under section 6015(c).

_____

[3]Petitioner was denied relief with respect to the 1996 tax attributable to her $25 in unreported income and the recapture of the earned income credit because an allocation of the latter is not permitted. Sec. 1.6015-3(d)(2)(i), Income Tax Regs. The liabilities generated from the earned income credits had been paid by her overpayments from the delinquent returns, so application of sec. 6015(c) relieved petitioner of all remaining unpaid balances.

Petitioner filed timely a petition with this Court in which she seeks a refund of the overpayments from her subsequent tax returns that were applied towards her joint tax liabilities for taxable years 1995 and 1996.  Respondent contends that a refund is barred because of section 6015(g)(3).

Section 6015, as amended, was enacted in 1998 to replace former section 6013(e).  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201, 112 Stat. 734.  Section 6015 provides relief from joint and several liability for certain taxpayers who file a joint Federal income tax return.  In general terms, there are three avenues of relief under section 6015:  Section 6015(b) provides relief with respect to certain erroneous items on the return, section 6015(c) provides for a separation of liability for separated taxpayers, and section 6015(f) provides equitable relief for taxpayers who otherwise do not qualify for relief under either of the aforementioned provisions.  As a general rule, taxpayers who qualify for relief under section 6015(b) or (f), but not section 6015(c), are entitled to a refund or credit attributable to the application of section 6015 as to the tax years for which relief was granted.  Sec. 6015(g)(1), (3).  A taxpayer may petition this Court for a review of the Commissioner's determination of the relief available to the taxpayer.  Sec. 6015(e)(1)(A).  This Court's jurisdiction in cases brought under section 6015(e)(1)

encompasses a review of the Commissioner's determination with respect to relief afforded by section 6015(c). Fernandez v. Commissioner, 114 T.C. 324, 331 (2000). Thus, this Court has jurisdiction to review the Commissioner's determination that no refund is due to a taxpayer under section 6015(g)(3).

Section 6015(c) is the basis upon which relief was granted to petitioner. Section 6015(g) provides generally for the allowance of credits and refunds in certain situations where relief from joint liability is granted under section 6015. However, section 6015(g)(3) states that no refund or credit shall be allowed as a result of an election for relief under subsection (c), and where the relief is granted pursuant to subsection (c). The record shows that petitioner was not entitled to relief under section 6015(b) because she had constructive knowledge of income that was reported on the 1995 and 1996 joint returns, nor was she entitled to any other relief except under section 6015(c).[4]

Petitioner argues that she is entitled to a refund because, although she was told that filing delinquent returns was a necessary predicate to consideration of collection alternatives, the IRS did not suggest that she first request relief under

---

[4]Petitioner would be eligible for relief under sec. 6015(f) only if it were shown that, contrary to respondent's determination, petitioner is not entitled to relief under sec. 6015(c). Sec. 6015(f)(2).

section 6015 prior to filing her delinquent returns.[5]  The law is well settled that the Commissioner is not estopped and is not bound by erroneous acts, representations, or omissions of his agents.  Authoritative tax law is contained in statutes, regulations, and judicial decisions.  Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972).  Any representation, advice, or omission of advice made to petitioner by an agent or representative of the IRS does not entitle petitioner to a credit or refund of taxes paid on the assessment if the relief was granted under section 6015(c).  Section 6015(g)(3) clearly provides that relief granted under section 6015(c) does not allow the taxpayer a refund or credit for payments made on the deficiency.  Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

_____

[5]Respondent does not disagree that filing an application for relief from joint liability and consideration of that request are not conditioned on the filing of returns for subsequent years. Had petitioner requested and been granted relief from joint liability for the 1995 and 1996 taxes before she filed delinquent returns for 1998 through 2001, the overpayments reflected on the delinquent returns could have been refunded to her rather than applied to the 1995 and 1996 liabilities.